## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| Jessica English and Jessica Breeland, Individually and on Behalf of All Others Similarly Situated | ) ) ) ) | Civil Action No.     3:17-38-TLW |
| Plaintiffs, | ) ) | **COMPLAINT** |
| vs. | ) ) ) ) | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216 AND CLASS ACTION** |
| Café Enterprises, Inc, | ) ) | |
| Defendant. | ) ) ) | **(JURY TRIAL DEMANDED)** |

Plaintiff Jessica English and Jessica Breeland ("Plaintiffs") bring this collective action complaint on behalf of themselves and all other similarly situated persons who are or were employed at the Fatz Café restaurants located in South Carolina, North Carolina, Georgia, Tennessee and Virginia owned and/or managed by Cafe Enterprises, Inc. ("Defendant"). Plaintiffs, through counsel, alleges as follows:

### NATURE OF THE ACTION

1.      This is an action brought individually and as a collective action for unpaid minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2.      This collective action is brought by a current and a former Café Enterprises, Inc. employee on behalf of themselves  and their  colleagues who worked or are presently working as tipped employees at the Fatz Café restaurants ("Fatz") owned by Cafe Enterprises, Inc. and who were required to work more than twenty (20%) percent of their shift performing tasks relating to the opening and closing of the restaurants for which the employees would not receive customer

tips while being paid less than minimum wage of $7.25 and those non-exempt employees who work without pay at Fatz Café pancake breakfast fundraisers.

3.    Fatz paid $2.13 an hour for Plaintiffs and those other employees that opened the restaurant at or about 10:00am and closed the first shift at or about 5:30pm. Of the seven and one-half hours Plaintiffs and similarly situated employees were on the clock on a given lunch shift, Fatz required these opening and closing servers to perform on average two hours and thirty minutes of side work that did not include serving tables and receiving tips.

4.    Plaintiffs and other employees performing the opening and closings on each shift were required to do side work that did not and could not have earned any tips and that this side work exceeded twenty (20%) percent of their work week. Fatz Café failed to pay Plaintiffs and similarly situated co-workers minimum wage for hours in which Fatz Café was receiving a tip credit for their work.

5.    Further, Plaintiffs and other servers and tipped employees were required or pressured to perform their regular work duties multiple times per month without compensation during Fatz Café fundraisers for third-party organizations that were done Saturday morning before the restaurants opened. These fundraisers are part of the Fatz Café' public relations and marketing efforts to increase the sales and profits of its restaurants without compensating its non-exempt employees.

6.    Fatz Café management requests "volunteers" to prepare food, serve patrons, bus tables and wash dishes during these fundraising pancake breakfasts where Fatz employees work alongside local groups that had sold tickets to the breakfast for $7.00. Fatz Café management would keep $5.00 for the cost of food and supplies and the fundraising group would get $2.00 for

each ticket sold. Plaintiffs and all other non-exempt employees would not receive any compensation or tips for the one or about two hours worked.

7.      The collective action provisions of the FLSA provide for opt-in class participation. 29 U.S.C. § 216(b). Plaintiffs' consent/opt-in form is attached hereto as **Exhibit A-1 and A-2.**[1]

8.      Plaintiffs would respectfully show unto this honorable Court as follows:

## PARTIES

9.      Jessica English is resident of the County of Lexington, State of South Carolina, and has been employed by Defendant Café Enterprises, Inc. since November 2008. Plaintiff worked at the Camden Fatz Café location from November 2008 to August 2011 and the Columbia location from August 2011 to 2014 before starting at the Orangeburg location in November of 2014.

10.     Jessica Breeland is a resident of the County of Orangeburg, State of South Carolina, and was employed by Defendant Café Enterprises, Inc. between January 2015 and December 28, 2016 at the Orangeburg Fatz Café location.

11.     Defendant Café Enterprises, Inc. is a South Carolina corporation that owns, operates, manages and is responsible for setting policy for the Fatz Café restaurants throughout the southeast, including in the County of Richland, State of South Carolina.

12.     Fatz Café has 45 locations and operates in South Carolina, North Carolina, Georgia, Tennessee and Virginia as a family style sit-down restaurant.

13.     Café Enterprises, Inc. has its corporate headquarters in Taylors, South Carolina.

---

[1] Subsequent consent/opt-in forms will be filed as A-3, A-4, A-5, etc. as they are received.

14.     Plaintiff Jessica English was employed in, among other locations, the Fatz Café location in the Columbia Division of the United States District Court for the District of South Carolina.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FLSA.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant has operations located within this judicial district and division.

## COLLECTIVE ALLEGATIONS

17.     Since 2008, Defendant has employed Plaintiff Jesscia English as a server at the Fatz Café locations in Camden, Columbia and Orangeburg, South Carolina. Since January 2015, Defendant has employed Plaintiff Jessica Breeland as a server at the Fatz Café location in Orangeburg, South Carolina.  Plaintiffs have been paid less than the minimum wage in violation of the FLSA by requiring them and other "tipped workers" (generally other experienced servers), the tipped minimum wage rate rather than the full hourly minimum wage rate despite requiring these workers to spend more than twenty (20%) percent of their shifts performing "side work" which did not directly produce tips.

18.     Plaintiffs and other similarly situated employees work as servers for Defendants at the Restaurants located in South Carolina, North Carolina, Georgia, Tennessee and Virginia as tipped employees.  Their primary job duties included taking customers' food and beverage orders and delivering food from the kitchen to the customers.

19. Defendant paid Plaintiffs, and all other similarly situated employees, less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

20. Defendant paid Plaintiffs and all other similarly situated employees an hourly wage of $2.13. In addition to that hourly wage, Plaintiffs and other similarly situated employees received tips from customers when working as servers.

21. In order to meet the FLSA minimum wage of $7.25 for Plaintiffs and other similarly situated employees, Defendant applies a "tip credit" of $5.12 based on tips received by Plaintiffs and other similarly situated employees for their service to customers.

22. However, in violation of the FLSA, Defendant required Plaintiffs and all other similarly situated employees to perform side work for which they were not eligible to receive tips and therefore could not be considered "tipped employees" under the FLSA during the opening and closing of the lunch shifts.

23. At all times relevant to this Complaint, Defendant required two (2) senior servers to come in at 10:00am in the morning to do morning prep work for the opening of the restaurant at 11:00am and perform closing duties at the conclusion of the shift.

24. From 10:00am to 11:00am, Plaintiffs and others assigned to open and close during a shift would, among other duties, start the beverage line, cut lemons, make tea and coffee, do the soup station preparation, cut vegetables and get the honey butter set while putting out floor mats and setting up the patio for service.

25. When Plaintiffs and others ended the shift at 4:00pm for the afternoon, they would, among other duties, be required to stay until each of the last lunch shift servers were done serving customers. Plaintiffs and other employees who were required to perform both opening and closing functions would ensure the rest of the wait staff had closed out their tabs and that

they had done their own closing work before the closers started rolling silverware, stocking all the preparation work stations and cleaning in accordance with closing procedures. Plaintiffs and others similarly situated would be paid less than minimum wage, would receive no additional tables or tips after 4:00pm and would not finish the closing work to clock out until on or about 5:30pm.

26.     Fatz Café was paying these openers/closers less than minimum wage and requiring that they perform prep work or side work from 10:00am until 11:00am and 4:00pm until 5:30pm. In violation of the FLSA, the two and one-half hours of side work daily was more than twenty (20%) of the total hours Plaintiffs were clocked-in and working for less than minimum wage.

27.     Additionally, Plaintiffs and other servers and tipped employees were required or pressured to work without pay by management offering first priority for scheduling requests, priority shifts and restaurant sections and other requests by the servers when Fatz Café would hold pancake fundraisers that were done multiple times per month on Saturdays mornings before the restaurants were opened to the public.

28.     Fatz management would request "volunteers" to work the fundraising pancake breakfast where Fatz employees would work alongside local groups that had sold tickets to the breakfast for $7.00. Fatz would keep $5.00 and the fundraising group would get $2.00. Plaintiffs and others like them would neither receive tips nor minimum wage for the two hours worked.

29.     Fatz management would reward those non-exempt employees who "volunteered" to work at the fundraisers without compensation by offering them preferential scheduling of work shifts and hours.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### 29 U.S.C. §§ 203(m), 206
### (Violation of Tip Credit / Failure to Pay Proper Minimum Wage)

30.     Plaintiffs, on behalf of themselves and all other similarly situated employees, re-allege and incorporate by reference all preceding paragraphs as if specifically set forth herein.

31.     At all times relevant herein, Plaintiffs and all others similarly employed at Defendant's restaurants worked in interstate commerce so as to fall within the protections of the FLSA.

32.     At all times relevant herein, Defendant has been:

   a.   Regularly engaged in interstate commerce;

   b.   An Enterprise within the meaning of § 203(r) and § 203(s)(1) of the FLSA; and

   c.   Is an Employer under the FLSA, 29 U.S.C. § 203.

33.     At all times relevant herein, Defendant has owned and operated an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the FLSA, 29 U.S.C. § 203(r) and (s).

34.     At all times relevant herein, the annual gross sales volume of Defendant's business was in excess of $500,000.00.

35.     The FLSA mandates that employers compensate non-exempt employees at a minimum wage rate of $7.25 per hour.

36.     Section 203(m) of the FLSA provides an exception allowing employers to pay less than the statutory minimum wage (that is receive a tip credit) to tipped employees if the employee receives tips and do not perform side work or prep work that requires a substantial amount of time (in excess of twenty (20%) percent) of their work week.

7

37.     When the employee does this side work, prep or maintenance work in excess of twenty (20%) percent of the work week, the employer may not apply a tip credit to the hours spent performing side work, prep or maintenance work and the employer must pay each non-exempt employee within the class the statutory minimum wage of $7.25 per hour.

38.     Defendant did not paid Plaintiffs and other similarly situated employees minimum wage of $7.25 per hour for the side work that was performed and accounted for more than twenty (20%) of the work week but instead paid Plaintiffs and other similarly situated employees an hourly rate of $2.13 and took the maximum tip credit of $5.12 toward Defendant's minimum wage obligation.

39.     Defendant's compensation of Plaintiffs and other employees violates the minimum wage provisions of the FLSA in several particulars, including but not limited to:

a. Defendant required Plaintiffs and other similarly situated employees to perform in excess of twenty (20%) of their work week on side work or prep and closing work which were not directed at the employee receiving tips;

b. Defendant required or wrongly set standards for preferential treatment for tipped employees to work for free (without an hourly wage and without tips) on Fatz Café fundraisers on Saturday mornings before the restaurant opened;

c. Defendant kept for management and owners the proceeds from the pancake fundraisers where non-exempt employees worked for free; and

d. Defendant did not make a good faith effort to comply with the FLSA as Defendant knew or should have known that its policies and practices relating to the side work exceeded twenty (20%) percent of the work week and unpaid work violated the FLSA.

8

e. Plaintiffs, on behalf of themselves and other similarly situated employees who are currently or have previously worked at the Fatz Café restaurants in South Carolina, North Carolina, Tennessee, Georgia and Virginia are entitled to recover their damages as a result of the Defendant's violations of the minimum wage provisions of the FLSA, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action.

f. Defendant's violations of the FLSA have been willful, knowing, intentional, and reckless. Therefore, Plaintiffs, on behalf of themselves and all other similarly situated employees, are entitled to recover liquidated damages from Defendant, and the limitations period for the claims extends back for three (3) years as provided in the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated employees and former employees who join this action, demand the following:

a. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

b. Judgment against Defendant for an amount equal to their unpaid minimum wages at the applicable hourly rate of $7.25;

c. Liquidated damages in an amount equivalent to the unpaid minimum wages owed to them;

d. Judgment against Defendant that its violation of the FLSA and its implementing regulations were willful;

9

e.   Attorneys' fees and costs; and

f.   All such further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

LAW OFFICE OF TODD ELLIS, P.A.

**By: s/Todd R. Ellis**
Todd Ellis (D.S.C. Bar No. 6488)
7911 Broad River Road, Suite 100
Irmo, South Carolina 29063
Telephone: 803-732-0123
Facsimile: 803-732-0124
todd@toddellislaw.com

GRIFFIN DAVIS, LLC

James M. Griffin (D.S.C. Bar No. 1053)
Margaret N. Fox (D.S.C. Bar No. 10576)
1116 Blanding Street,
Columbia, SC 29201
PO Box 999 (29202)
Telephone 803 744 0800
Facsimile 803 744 0805
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

*Attorneys for Plaintiffs*

January 5, 2017
Columbia, South Carolina